IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

STANLEY CAMPBELL,

  Petitioner,

vs.             No. 05-2227-Ma/V

T.C. OUTLAW,

  Respondent.

---

ORDER DIRECTING PETITIONER TO FILE AN APPLICATION
TO PROCEED IN FORMA PAUPERIS OR PAY THE HABEAS FILING FEE
ORDER DENYING PETITION UNDER § 2241
ORDER DENYING ALL OTHER PENDING MOTIONS AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Petitioner Stanley Campbell, Bureau of Prisons inmate registration number 16318-076, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner did not file a motion seeking leave to proceed in forma pauperis or pay the filing fee.

The Petitioner is ORDERED to pay the $5 habeas filing fee or file a properly completed application to proceed in forma pauperis within twenty (20) days of the entry of this order. The Clerk is directed to file the case without prepayment of the fee and to record the respondent as T.C. Outlaw.

On December 2, 1998, a federal grand jury returned a two-count indictment against Campbell and a codefendant, Antonio Williams.[1] The first count charged Campbell and his codefendant with conspiring to possess in excess of five kilograms of cocaine with the intent to distribute and with distributing in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846. The second count charged Campbell and Williams, aided and abetted by each other and by another individual, with possessing approximately three kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The case proceeded to trial on March 1, 1999 and, on March 5, 1999, the jury returned a guilty verdict on both counts. The Court conducted a sentencing hearing on October 1, 1999, at which time Campbell was sentenced to concurrent terms of two hundred ten (210) months imprisonment on each count, to be followed by a five-year period of supervised release on count one to be served concurrently with a four year period of supervised release on count two.[2] Judgment was entered on October 25, 1999. The United States Court

---

[1] On March 24, 1998, a federal grand jury returned a two-count indictment against Campbell and a codefendant Freddy Brown. On August 11, 1998, the day of trial, Brown pled guilty and Campbell proceeded to trial. The jury was unable to reach a verdict and the Court declared a mistrial on August 17, 1998. On September 3, 1998, a superseding indictment was filed against Campbell.

[2] Campbell was sentenced on the basis of 40 kilograms of cocaine. Pursuant to § 2D1.1(c)(3) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for that quantity is 34. Campbell was afforded a two-level enhancement, pursuant to § 3C1.1, on the ground that he committed perjury, bringing the total offense level to 36. Given Campbell's criminal history category of II, the guidelines called for a sentencing range from 210 to 262 months.

of Appeals for the Sixth Circuit affirmed. United States v. Campbell, 29 Fed. Appx. 198 (6th Cir. Dec. 28, 2001).

On March 25, 2005, Campbell filed this § 2241 petition contending that he is entitled to relief under Blakely v. Washington, 542 U.S. 296 (2004), along with a motions for appointment of counsel and for judicial notice. Campbell actually seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. These reforms were intended to further protect the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

As a § 2255 motion is foreclosed by the AEDPA statute of limitations, the petitioner seeks to characterize this case as a habeas petition under 2241. The only reason for this characterization, however, is the need to avoid the successive petition limitation enacted by the AEDPA. This case clearly seeks to attack the validity of petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions

has relied on Gray-Bey v. United States, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[3]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77. Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from Wright and Jalili, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence. Reeves' petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (1999);

---

[3] See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

4

In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[4] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[5] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting per se rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  This "savings clause"

---

[4] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[5] See supra note 4.

operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

The movant has the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations. Charles, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by Gray-Bey, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the opportunity for such review. See, e.g., Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). According to Wofford, the entire federal criminal procedure

6

statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." Id. (quoting In Re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Campbell attacks his sentence alleging that he is entitled to relief under Blakely v. Washington, 542 U.S. 296 (2004). Although Campbell can make a prima facie showing that Blakely was not available to him during the applicable one-year limitations period for a motion to vacate and presents a new constitutional rule of criminal procedure, he cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

7

In the recent case of United States v. Booker, 125 S. Ct. 738, 755-56 (Jan. 12, 2005), although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague).  Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings.  Humphress, 398 F.3d at 860.

Campbell makes no tenable claim of actual innocence. Actual innocence requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998).  The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986).

8

Accordingly, Campbell is not entitled to relief under § 2241 on his claim.

Because Campbell is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DENIED and DISMISSED. All remaining pending motions are rendered MOOT by the denial of the petition and are DENIED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved

9

whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  <u>Id.</u>  It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>.  See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this 16th day of March, 2006.

           s/ SAMUEL H. MAYS, JR.
           UNITED STATES DISTRICT JUDGE

05-2227.Order.wpd